FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE G. M., o/b/o JEREMY PATRICK M., deceased,<br><br>                              Plaintiff,<br><br>      v.<br><br>FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,<br><br>                              Defendant. | NO:  2:24-CV-00100-LRS<br><br><br>ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS |

BEFORE THE COURT are the parties' briefs. ECF Nos. 9, 11.  This matter was submitted for consideration without oral argument.  Plaintiff is represented by attorney D. James Tree.  Defendant is represented by Special Assistant United States Attorney Lori A. Lookliss.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's brief, ECF No. 9, is granted and Defendant's motion for remand, ECF No. 11, is granted in part and denied in part.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 1

## JURISDICTION

Jeremy M. [1] (Plaintiff) filed for disability insurance benefits on February 14, 2017, and for supplemental security income on May 8, 2018, alleging in both applications an onset date of May 8, 2015.  Tr. 282-90, 299-308.  Benefits were denied initially, Tr. 215-21, and upon reconsideration, Tr. 223-29.  Plaintiff appeared at a hearing before an administrative law judge (ALJ) on October 15, 2018.  Tr. 91-25.  On February 21, 2019, the ALJ issued an unfavorable decision, Tr. 12-31, and on January 15, 2020, the Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the U.S. District Court for the Eastern District of Washington, and on December 17, 2020, the Honorable Fred Van Sickle remanded the case to the Commissioner for additional proceedings. Tr. 1276-90.

After another hearing on November 3, 2021, Tr. 1220-38, the ALJ issued another unfavorable decision on December 23, 2021.  Tr. 1199-1213. Pursuant to the stipulation of the parties, on September 19, 2022, the undersigned again remanded the matter for additional proceedings. Tr. 2195-2200. After a third hearing on

---

[1] Mr. M. died on December 28, 2024. The last initial of the claimant and his successor, Stephanie M., are used to protect privacy. References to "Plaintiff" generally mean to the claimant Jeremy M. unless context indicates otherwise.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 2

November 15, 2023, Tr. 2168-94, the ALJ issued a third unfavorable decision on January 18, 2024.

The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 33 years old on the alleged onset date. Tr. 2141. He obtained a GED and completed an instrumentation and automation industrial technologies course from a technical institute. Tr. 2180. He had work experience as a maintenance repair technician for fruit packing lines, constructing electrical components inside of cabinets, and as a pipe layer. Tr. 2175-76. He testified that he could not work safely and efficiently without causing conflict. Tr. 2177. He testified he had trouble getting along with coworkers and supervisors in the past. Tr. 2179.

Plaintiff was in jail for 19 months during 2019 to 2021 and went to prison for 15 months in 2022 until October 2023. Tr. 2177, 2184. He was attending intensive outpatient alcohol treatment at the time of the last hearing. Tr. 2177. He was also attending mental health treatment and took medication for depression and schizophrenia. Tr. 2178.

Plaintiff testified his physical problems included pain in his left leg, scoliosis, and migraines. Tr. 2181-82. According to Plaintiff, migraines would have prevented him from going to work at least four days per month. Tr. 2183.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 4

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's

work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 6

claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 7

1  work, analysis concludes with a finding that the claimant is disabled and is therefore

2  entitled to benefits.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

3       The claimant bears the burden of proof at steps one through four above.

4  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

5  step five, the burden shifts to the Commissioner to establish that (1) the claimant is

6  capable of performing other work; and (2) such work "exists in significant numbers

7  in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

8  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

9                              **ALJ'S FINDINGS**

10      At step one, the ALJ found Plaintiff had not engaged in substantial gainful

11  activity since May 18, 2015, the alleged onset date.  Tr. 2133.  At step two, the ALJ

12  found that Plaintiff had the following severe impairments: degenerative disc disease,

13  depressive disorder, anxiety disorder, bipolar disorder, alcohol use disorder and

14  migraine disorder.  Tr. 2133.

15      At step three, the ALJ found that Plaintiff did not have an impairment or

16  combination of impairments that met or medically equaled the severity of one of the

17  listed impairments.  Tr. 2134.  The ALJ then found that Plaintiff had the residual

18  functional capacity to perform medium work with the following additional

19  limitations:

20          The claimant can occasionally push and/or pull, such as operation of
            foot pedals, with the left lower extremity; can occasionally crouch and
21

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 8

1
2
3
4

> crawl; and must avoid concentrated exposure to extreme cold and hazards, such as unprotected heights and dangerous moving machinery. He is capable of work in a moderate noise intensity level as the term moderate is defined by the Selected Characteristics of Occupations (SCO). He should not work with the general public. He can work in the same room with coworkers, but with no coordination of work activity. He can occasionally interact with supervisors.

5

Tr. 2135-36.

6

At step four, the ALJ found that Plaintiff was unable to perform any past

7

relevant work.  Tr. 2141.  At step five, after considering and Plaintiff's age,

8

education, work experience, and residual functional capacity, the ALJ found that

9

there are jobs that exist in significant numbers in the national economy that Plaintiff

10

can perform such as store laborer, hand packager, and industrial cleaner.  Tr. 2141-

11

42.  Thus, the ALJ determined that Plaintiff has not been under a disability as

12

defined in the Social Security Act from May 18, 2015, through the date of the

13

decision.  Tr. 2143.

14

**ISSUES**

15

Plaintiff seeks judicial review of the Commissioner's final decision denying

16

disability income benefits under Title II and supplemental security income under

17

Title XVI of the Social Security Act.  ECF No. 9.  The primary issue in dispute is

18

whether the Court should remand for further proceedings or an award of benefits.

19

Defendant concedes the ALJ's decision is not supported by substantial evidence and

20

requests remand for further proceedings.  ECF No. 11 at 2.  Defendant argues there

21

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 9

are conflicts in the evidence which must be resolved by the Commissioner and not by the Court. Plaintiff contends the ALJ's errors in evaluating his symptom testimony and the medical opinion evidence require remand for an immediate award of benefits.  ECF Nos. 9, 12.  As explained below, the Court concludes that the matter should be remanded for an immediate award of benefits.

## DISCUSSION

The Social Security Act permits the district court to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). When a district court reverses the decision of the Commissioner of Social Security, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Although a court should generally remand to the agency for additional investigation or explanation, the court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Under the credit-as-true rule, the Court may order an immediate award of benefits only if three conditions are met: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 10

or medical opinion, (2) there are no outstanding issues that must be resolved before a disability determination can be made and further administrative proceedings would serve no useful purpose, and (3) when considering the record as a whole and crediting the improperly discounted testimony as true, there is no doubt as to disability. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Even if all three criteria are met, the decision to remand for an award of benefits or remand for further proceedings is within the district court's discretion. *Id.*

The parties agree the ALJ erred, so the first element of the credit-as-true principle is met. The Court must next consider whether there are any outstanding issues that must be resolved.

### 1. Migraines

Plaintiff first contends the ALJ's analysis of the migraine evidence conclusively establishes disability. ECF No. 9 at 11-12, 12 at 3. The ALJ found that Plaintiff's allegations regarding symptoms have been inconsistent. Tr. 2139. As an example, the ALJ noted that Plaintiff testified at the hearing that he had migraines twice a week, Tr. 2183, but he reported a much lower frequency to his providers. Tr. 2139 (citing Tr. 457, 1198). Records from October 2016 and December 2016 cited by the ALJ indicate Plaintiff complained of migraines occurring once every three months, and the December 2016 record also states he had three migraines in the last two months. Tr. 455, 457, 1198. The ALJ stated that "the claimant's statement to

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 11

1  treating physicians likely represent an accurate reflection of the claimant's condition

2  at the time since the claimant made the statements to physicians in furtherance of

3  receiving treatment." Tr. 2139.

4      Plaintiff extrapolates from these records that a frequency of once every three

5  months for up to one week at a time (up to 28 days per year) or three migraines

6  every two months (18 times per year) would result in absences exceeding employer

7  tolerance which the vocational expert testified is five to eight days per year. ECF

8  No. 12 at 3 (citing Tr. 1236). Plaintiff contends "the ALJ's own decision therefore

9  compels disability based on even this conservative estimate of headache frequency

10  and severity." ECF No. 12 at 3. Furthermore, Plaintiff cites numerous records

11  supporting his testimony regarding migraines which were not discussed or cited by

12  the ALJ. ECF No. 9 at 12-13. Defendant does not specifically address the ALJ's

13  evaluation of Plaintiff's migraines or identify any conflict in the migraine evidence.

14  ECF No. 11. The Court agrees with Plaintiff the ALJ's consideration of the migraine

15  evidence overall is insufficient, and the evidence is highly suggestive of disability.

16  *2. Symptom Statements*

17      Plaintiff contends the ALJ erred in evaluating his symptom statements. ECF

18  No. 12 at 5-7. The ALJ gave multiple reasons for discounting the limiting effects of

19  Plaintiff's symptoms: (1) the record does not establish that Plaintiff's impairments

20  preclude medium work; (2) the objective medical evidence does not generally

21

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 12

support the severity of pain or the limitations alleged; (3) treatment has generally been effective in controlling Plaintiff's symptoms; (4) mental health treatment has been routine or conservative; (5) Plaintiff reported improvement with mental health treatment; and (6) Plaintiff exhibited mood irregularities but otherwise had normal mental exam findings; and (7) Plaintiff has made inconsistent allegations. Tr. 2139.

Plaintiff contends every reason was erroneous because the ALJ failed to link rejected testimony to the record, improperly considered some evidence and failed to consider other evidence, provided unclear reasoning, and inaccurately found improvement and routine and conservative treatment. ECF No. 9 at 3-13. Defendant contends that several of the ALJ's finding were valid based on records cited by the ALJ, including reasons (3) through (6) listed above. ECF No. 11 at 9.  Defendant further argues that the ALJ's reasoning is well-supported. ECF No. 11 at 9.

The Court agrees with Plaintiff that the ALJ's findings regarding Plaintiff's symptom claims are insufficient.  In finding the objective medical evidence "does not generally support the severity of pain or the limitations alleged," the ALJ cited only three records with no explanation. Tr. 2139 (citing Tr. 401-02, a 2015 brain MRI; Tr. 459-60, a normal nerve conduction study; and Tr. 907, a 2017 brain MRI). These three records do not exemplify or sufficiently represent the objective evidence in this case. In support of the statement that "[t]reatment has generally been effective," the ALJ cited generally B6F (Tr. 432-77), B7F (Tr. 448-70), B8F (Tr.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 13

471-622), and B13F (Tr. 93-1055), four entire exhibits totaling hundreds of pages. Tr. 2139. Similarly, in support of the finding that Plaintiff had mood irregularities but otherwise normal mental exams, the ALJ cited generally B8F (Tr. 471-622), B14F (Tr. 1056-1197), B16F (Tr. 1442-67), and B23F (Tr. 1550-1749), four entire exhibits totaling hundreds of pages.

These general citations without explanations fall short of a legally sufficient finding. The ALJ's decision must contain specific reasons for the weight given to the claimant's symptoms and be consistent with and supported by the evidence, which must be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.  Social Security Ruling 16-3p, 2016 WL 1119029, at *9.  While the ALJ is not required to perform a line-by-line analysis of the claimant's testimony, the ALJ is required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).  Here, the ALJ failed to explain her reasoning and cite to specific supporting evidence in the record.

Similarly, the ALJ referenced generally her summary of the medical evidence in support of findings that mental health treatment had been routine and

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 14

conservative, and that Plaintiff reported improvement with treatment.  TR. 2139. A summary of medical evidence is not the same as providing clear and convincing basis for discounting a claimant's symptom claims. *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).[2]

Defendant contends there is "conflicting evidence" but does not specify what issues are outstanding or must be resolved if the matter were remanded for reconsideration. Defendant references "the record as a whole" but does not identify any evidence or records other than those cited by the ALJ. ECF No. 11 at 8-10. By contrast, Plaintiff cites numerous records not mentioned by the ALJ which are consistent with or support his symptom statements.  *See* ECF No. 9 at 6-12. As such, there appears to be no outstanding issue regarding Plaintiff's symptom statements.

### 3.  Medical Opinions

Plaintiff contends the mental health opinions assessing disabling limitations are uncontradicted and compel disability. ECF No. 12 at 7-9. In March 2018, Tasmyn Bowes, Psy.D., diagnosed unspecified neurocognitive disorder, persistent depressive disorder, post-traumatic stress disorder, social anxiety disorder, and

---

[2] It is also noted that the Appeals Council expressly questioned the ALJ's prior consideration of "conservative" treatment without explanation based on prescribed opioid use for symptoms of scoliosis. Tr. 2205.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 15

alcohol use disorder in remission. Tr. 1045-50. She assessed five marked and six severe functional limitations with an overall severity rating of severe. Tr. 1048-49. In March 2021, David Morgan, M.D., diagnosed major depressive disorder and post-traumatic stress disorder and assessed marked limitations in the ability to perform work within a schedule, adapt to changes in the work setting, maintain appropriate behavior at work, and complete a normal workday and workweek. Tr. 1468-72. Plaintiff contends the ALJ's reasons for giving little weight to these opinions are based on error, which is not specifically challenged by Defendant.

Plaintiff also points out additional error because the ALJ did not mention the 2018 opinion of Caryn Jackson, M.D., Tr. 1033-37, or the opinion of Brian VanFossen, Ph.D. Tr. 1473. Dr. Jackson opined Plaintiff had a marked to severe limitation in communicating due to bipolar disorder. Tr. 1034. Dr. VanFossen reviewed the opinions of Dr. Bowes and Dr. Morgan and found the limitations assessed were partially supported, but noted it was "unclear how to adjust the ratings." Tr. 1473. The ALJ was required to either accept the opinions or give specific and legitimate reasons for rejecting them. *Embrey v. Bowen*, 849 F.2d 418, 422 n.3 (9th Cir. 1988); *see* 20 C.F.R. §§ 404.1527, 416.927. The ALJ's failure to do so was error.

As Plaintiff observes, there are no mental health opinions in the record contradicting the disabling opinions of Drs. Bowes, Morgan, and Jackson. ECF No.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 16

12 at 8. Defendant contends this is a "mixed opinion record," but does not point out any conflicting opinions, ECF No. 11 at 10, and the Court finds none regarding Plaintiff's mental health.

Based on the foregoing, the Court finds the record supports a finding that benefits should be awarded. First, as indicated above, the ALJ failed to provide legally sufficient reasons for rejecting evidence. Second, there are no outstanding issues, and further administrative proceedings would serve no useful purpose. There have been three hearings and three ALJ decisions. The matter was previously remanded by the U.S. District Court and the Appeals Council issued an order directing the ALJ to consider certain evidence, which the ALJ did not fully consider. Plaintiff is now deceased, so further hearing would not be useful to develop the record. Equitable considerations are also in Plaintiff's favor given the length of time that has elapsed since he filed his applications in 2017 and 2018. *See Treichler*, 775 F.3d at 1100. Third, the record as a whole indicates that Plaintiff was disabled. The uncontradicted mental health opinions support disability and the migraine evidence is strongly suggestive of disability. When the improperly discounted testimony is credited, there is no doubt that Plaintiff was disabled.

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 17

1

**CONCLUSION**

2     Having reviewed the record and the ALJ's findings, this Court concludes the

3 ALJ's decision is not supported by substantial evidence and free of harmful legal error.

4 The Court determines the appropriate resolution is to remand for an award of benefits.

5     Accordingly, **IT IS ORDERED:**

6     1.     Plaintiff's Brief, **ECF No. 9**, is **GRANTED.**

7     2.     Defendant's Motion for Remand, **ECF No. 11**, is **GRANTED in part**

8 as to Defendant's request to remand and **DENIED in part** as to Defendant's request

9 that the Court remand for further proceedings rather than an award of benefits.

10     3.     This case is **REVERSED** and **REMANDED** for an award of benefits

11 consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

12     **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

13 Order and provide copies to counsel.  Judgment shall be entered for Plaintiff and the

14 file shall be **CLOSED**.

15     **DATED** October 17, 2025.

16

17     _____
              LONNY R. SUKO
           Senior United States District Judge

18

19

20

21

ORDER REVERSING AND REMANDING THE
COMMISSIONER'S DECISION FOR AWARD OF BENEFITS - 18